In the Matter of the Application of TULLER CONSTRUCTION COMPANY, Appellant, for a Peremptory Mandamus Order Directed to WILLIAM H. LYON and Others, as Sewer Commissioners of the Belgrave Sewer District, Town of North Hempstead, Nassau County, New York, Respondents.

Second Department, December 29, 1930.

*William L. Bowman* [*Ernest M. Strong* with him on the brief], for the appellant.

*G. Burchard Smith* [*James L. Dowsey* with him on the brief], for the respondents.

PER CURIAM. Respondents did not reject petitioner's bid upon the specific ground of lack of financial ability to perform the contract. They rejected it and accepted the bid of the second lowest bidder upon the ground that by so doing they were acting in the best interests of the sewer district. This ground, without a specified valid basis therefor, is insufficient to sustain their action under section 234 of the Town Law (as amd. by Laws of 1923, chap. 541) and their action was in law arbitrary. Because the second lowest bidder had greater financial strength than the lowest bidder, the petitioner herein, it does not follow that the lowest bidder did not have financial strength adequate for the proper performance of the

contract in question. The showing that it made, and which was not specifically condemned as a showing of insufficient financial strength, reveals that petitioner was financially able to carry out the terms of the contract for which it submitted a bid. The petitioner's financial ability in this respect and its good faith were further indicated by the fact that it posted a certified check for $30,000 to insure (1) its execution of the contract in the event that the contract should be awarded to it, and (2) that it would furnish a surety company bond to insure completion. Furthermore, the record discloses that the petitioner has had greater experience in performing the type of work required by the contract than the second lowest bidder has had. This view of respondents' powers under section 234 of the Town Law with reference to the situation herein is essential to effectuate the purpose of that and similar statutes, which purpose is to insure true competitive bidding and to prevent the frustration thereof even though, as is probable in the present case, the act of frustration was done in good faith and with proper motives. Such a view does not prevent the rejection of the lowest bid in a case where the rejection is based upon a sustainable ground and specified facts and the awarding of a contract to the next lowest bidder. Indeed, the rejection of the lowest bid in such circumstances would be in furtherance of statutes like the one here involved, the object of which is to insure true competitive bidding and the award of contracts to the lowest responsible bidder. To hold otherwise would enable the procedure followed herein to be utilized as a device to favor a particular bidder with disadvantage to the public interest and to another bidder whose responsibility or ability to perform had not been specifically ruled upon adversely on satisfactory detailed proof.

The order should be reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion granted, with fifty dollars costs.

LAZANSKY, P. J., YOUNG, KAPPER, CARSWELL and SCUDDER, JJ., concur.

Order denying petitioner's motion for a peremptory mandamus order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with fifty dollars costs.